**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                                  **CRIMINAL ACTION NO. 4:05CR95-P-B**

**KEVIN MATTHEWS**

## ORDER

This cause is before the Court on the defendant's Motion to Reconsider Detention Order and Grant Bond [510]. The Court, having reviewed the motion, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

This matter is before the Court on the defendant's request for a de novo review following the magistrate's entry of an Order denying bond and ordering the defendant's detention pending the trial of this matter. Upon review of the applicable case law, the Court concurs with Judge Alexander's finding that the crime charged is for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(f)(1)(C). Accordingly, there arises a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. As a further matter, Chief Henry Harris of the Greenwood Police Department testified to his firm belief that the defendant would constitute a danger to the community if released on bail.

Under 18 U.S.C. § 3142, a defendant is entitled to pretrial release unless the Court finds, by clear and convincing evidence, that the defendant poses a risk of flight or a danger to the community. Subsection (g) of § 3142 outlines the factors a court is to consider in determining the extent of such

risks. Those factors are:

>	(1)	the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .;
>
>	(2)	the weight of the evidence against the person;
>
>	(3)	the history and characteristics of the person, including
>
>	(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings . . .
>
>	(4)	the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S. C. § 3142(g).

The defendant is charged with the felony crimes of conspiracy with intent to distribute and distribution of in excess of five kilograms of cocaine and in excess of fifty grams of cocaine base, crack cocaine in violation of 21 U.S.C. §§ 841(a), (b))(A) and 846. The record reveals nothing about the weight of the evidence against defendant Matthews. There is substantial evidence regarding the history and characteristics of defendant Matthews. Although the defendant presented testimony and letters from numerous members of the community regarding his family ties, employment and his history of good deeds, the Court finds this evidence insufficient to outweigh Matthews' extensive criminal history, propensity toward violence, and ties to drug activity. Accordingly, the Court concludes that the defendant failed to successfully rebut that presumption that his release would pose a danger to the community. The Court reaches this conclusion based on clear and convincing evidence. Based on these findings, defendant is to be detained pending his September 11, 2006 trial setting.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Reconsider Detention Order and Grant Bond [510] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 8th day of June, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE