IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 4:05CR95-P-B

KEVIN MATTHEWS

## ORDER

This cause is before the Court on defendant Kevin Matthews' Motion to Dismiss [512]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant Matthews is charged in with conspiracy to possess and distribute cocaine and cocaine base in Count 1 of a twenty-four count indictment involving some thirty-seven defendants. He seeks dismissal of the indictment against him on grounds that it is not supported by adequate evidence. In particular, he avers that the discovery materials provided by the government reveal no evidence that the defendant ever sold cocaine or cocaine base or that he ever conspired with anyone to sel cocaine or cocaine base. As a further matter, Matthews posits that the prosecution will be unable to prove its case through the testimony of government witnesses.

"An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." United States v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986). Ordinarily, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, is not subject to challenge by way of

pre-trial motion.  United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994).  A defendant may not challenge an indictment, sufficient on its face, on the grounds that the allegations are not supported by adequate evidence because an indictment returned by a legally constituted and unbiased grand jury is enough to call for trial of the charge on its merits.  United States v. Costello, 350 U.S. 359, 363 (1956).

In the Fifth Circuit, "the propriety of granting a motion to dismiss an indictment under Rule 12 . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact."  United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005).  Consideration of the motion is generally proper only is it involves a question of law.  Id.

Application of the foregoing principles to the instant case requires a finding that dismissal of the indictment by way of pre-trial motion would be improper.  Weighing evidence and determining the credibility of witnesses is a jury function.  Accordingly, the defendant's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Kevin Matthews' Motion to Dismiss [512] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 22nd day of August, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE