**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                                         **CRIMINAL ACTION NO. 4:05CR95-P-B**

**KEVIN MATTHEWS**

## ORDER

This cause is before the Court on defendant Kevin Matthews' Second Motion to Dismiss [523]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Matthews is charged with conspiracy to possess and distribute cocaine and cocaine base in Count 1 of the Second Superseding Indictment in this case. Defendant was arraigned on November 1, 2005 and has been subject to pretrial detention since that time. Matthews seeks dismissal of the indictment against him based on alleged violations of the Speedy Trial Act and the Sixth Amendment.

A cursory review of the record dispels Matthews' argument regarding the Speedy Trial Act. The Speedy Trial Act, codified at 18 U.S.C. 18 U.S.C. 3161-3174, requires that a federal criminal defendant be tried within seventy days of his indictment or appearance in front of a judicial officer, whichever comes later. However, § 3161(h) delineates certain periods of delay which are subject to exclusion in calculating whether the 70-day clock has expired. The exclusions set forth in subparagraphs § 3161(h)(7) and (8)(a) are most pertinent for purposes of the instant motion:

> The following periods of delay shall be excluded . . . in computing the time within with the trial of any such offense must commence:
>
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motions for severance has been granted.
>
> (8)(A) Any period of delay resulting rom a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)-(8)(A).

As noted by the Fifth Circuit in <u>United States v. Franklin</u>, "the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court." 148 F.3d 451, 455 (5th Cir. 1998). Matthews is one of thirty-seven defendants in this case, three of whom have not yet made an appearance before a judicial officer within the meaning of § 3161. Application of <u>Franklin</u> to the facts of the instant case leads to the inexorable conclusion that Matthews' seventy day clock has not yet begun to tick.

Even assuming no further defendants will be brought before the Court prior to the September 11, 2006 trial setting, the last defendant to enter the case did not make an initial appearance until April 10, 2006. Granting Matthews the benefit of the latter date avails him nothing. The Court granted several motions for continuance filed by Matthews' co-defendants, finding that "the ends of justice outweighed the best interest of the public and the defendant in a speedy trial." Because the excludable delay of one codefendant may be attributed to all codefendants, the period of delay between the April 10, 2006 and September 11, 2006 trial settings occasioned by the continuance motions of codefendants Ibarra and Webster is excludable as to Matthews as well. <u>Franklin</u>, 148

F.3d at 455.[1]  Matthews' motion to dismiss based on violations of the Speedy Trial Act is without merit.

———————————————————————————

Defendant Matthews' argument respecting his right to a speedy trial under the Sixth Amendment also fails.  Resolution of a constitutional speedy-trial claim necessitates the examination of four factors: "(1) the length of the delay, (2) the reason for the delay, (3) when the defendant asserted his speedy trial rights, and (4) any prejudice to the defendant resulting from the delay." United States v. Neal, 27 F.3d 1035, 1042 (5th Cir. 1994) (citing Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)), cert. denied, 513 U.S. 1179 (1995).  A defendant must satisfy a threshold showing as to the first criteria before the others need be considered.

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.  To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

Barker v. Wingo, 407 U.S. at 530-531.

As noted above and in the orders continuing the trial of this matter, this case is a complex drug conspiracy case involving more than thirty defendants in a twenty-four count indictment. Some delay was inevitable in the management of a case of this magnitude.  It took time to bring the defendants before the Court; still more time elapsed as defendants and their counsel undertook the task of investigating the charges and assimilating the discovery materials provided by the

---

[1] The above calculations do not even begin to take into account other just reasons for delay, in particular those delays occasioned as a result of other proceedings involving the various defendants under § 3161(h)(1)(A)-(J).

government. Finally, this Court has dedicated substantial time to the consideration of the various pretrial motions filed by each of the defendants. In view of the foregoing, the delay between Matthews' October 25, 2005 initial appearance and the upcoming September 11, 2006 trial date cannot be fairly characterized as presumptively prejudicial. No further consideration of defendant's Sixth Amendment Claim is warranted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Kevin Matthews' Second Motion to Dismiss [523] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 23rd day of August, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE